**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 99-4725

DERRICK TYRONE HATFIELD,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-68)

Submitted: September 20, 2000

Decided: October 10, 2000

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Bryan Emery Gates, Jr., Winston-Salem, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Derrick Tyrone Hatfield appeals from his 120-month sentence pursuant to his guilty plea for distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Hatfield's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but addresses the following issues: (1) whether the district court erred in denying Hatfield's motion for a downward departure; and (2) whether Hatfield's guilty plea was knowing and voluntary. Although informed of his right to do so, Hatfield has not filed a pro se supplemental brief. We affirm in part and dismiss in part.

A district court's decision not to depart from the sentencing guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). The record reveals that the district court believed that it had the authority to depart, but chose not to do so under the circumstances of the case. We therefore conclude that the denial of the motion for downward departure is not reviewable.

Hatfield also asserts that his guilty plea was not knowing or voluntary. A guilty plea must be "a voluntary and intelligent choice among the alternative choices of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970); see Boykin v. Alabama, 395 U.S. 238, 242 (1969) (requiring an affirmative showing that a guilty plea was entered intelligently and voluntarily). Upon reviewing the transcript of the plea hearing, we find that Hatfield's guilty plea was knowing and voluntary.

Accordingly, we affirm Hatfield's conviction and sentence, but dismiss that portion of the appeal which contests the district court's fail-

2

ure to depart.* We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; DISMISSED IN PART</u>

_____

*The court has considered and rejected the possibility of reversible error in light of <u>Apprendi v. New Jersey</u>, ___U.S.___ , 68 U.S.L.W. 4576 (U.S. June 26, 2000) (No. 99-478).

3